UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,

<div style="float:right">USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 12/12/2024</div>

# ORDER

- against -      22-Cr.-0336 (NSR)

ROBERT CHOMICKI,

        Defendant.
----------------------------------------------------------------X

Nelson S. Román, D.J.:

      By motion dated November 27, 2024, Defendant Robert Chomicki moves pursuant to 18 U.S.C. § 3583 and Fed. R. Crim. P. § 32[1] seeking a court order terminating his term of supervise release. The Government opposes the application. For the following reasons, the Court DENIES the application.

      The Defendant was originally charged in a two-count indictment with conspiracy to commit wire fraud and wire fraud. (ECF No. 2.) He subsequently pled guilty to both counts. Based on a Total Offense Level of 18 and a Criminal History Category I, the Defendant's applicable sentencing guideline was 27 - 33 months period of incarceration. Additionally, he potentially faced three years of supervised release on each count. (PSR) At time of sentencing, the Government recommended that the Court impose a sentence within the Guidelines range of 27 - 33 months' imprisonment as sufficient but not greater than necessary to reflect the seriousness of the defendant's conduct, promote

---

[1] Fed. R. Crim. P. § 32.1(c) provides, in relevant part, before a court modifies the conditions of supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.

respect for the law, and ensure adequate general deterrence. Defendant requested that the Court impose a non-custodial sentence, along with a period of supervised release.

In fashioning an appropriate sentence, the Court took into consideration all of the 18 U.S.C. § 3553 factors which included "the nature and circumstances of the offense and the history and characteristics of the defendant." The Court also took into consideration such factors as the need for the sentence to promote certain objectives of the criminal justice system, namely: punishment, specific and general deterrence, and rehabilitation.18 U.S.C. § 3553(a)(2). Lastly, the Court considered the kinds of sentences available, the sentencing guidelines, pertinent policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id*. Weighing all the relevant factors, the Court sentenced the Defendant to a term of incarceration of time served on each count, three years of supervised release (currently), with the first ten months of his supervised release to be served in home confinement. The Defendant was also ordered to pay restitution.

18 U.S.C. § 3583(e)(1) ("Section 3583(e)") provides in relevant part that: [t]he court may… terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. Section 3583(e) further provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). Early termination of supervise release is not automatic or "warranted as a matter of course," and the decision

to grant early termination is a matter within the sound discretion of the sentencing court. See *United States v. Harris,* 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (internal citations omitted).

In support of his motion, the Defendant merely asserts that he has served over one year of supervised release, inclusive of the first ten months served in home confinement, will not engage in any future criminal activity of any kind, and is not a threat to the public. After considering all the relevant factors, the Court concludes that the Defendant has failed to present sufficient facts and circumstances that would justify early termination. While the Defendant appears to have complied with all the terms of his supervise release, including continuing to live as a law-abiding citizen, he has not presented the Court with a sufficient basis that would warrant the relief requested. If anything, the Defendant has merely accomplished what was expected of him as a supervisee. In the Court's sound discretion, the Court concludes that the Defendant will continue to benefit from the supervision. Additionally, all of the 18 U.S.C. § 3553 factors were considered by the Court when it imposed the non-incarceratory sentence which the Defendant is in the midst of completing.  Accordingly, the motion for early termination of supervised release is denied. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 43.

SO ORDERED.

Dated: December 12, 2024
White Plains, NY

_____
Hon. Nelson S. Román
U.S. District Court Judge, S.D.N.Y.